

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2007

# Tanusaputra v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2864

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tanusaputra v. Atty Gen USA" (2007). *2007 Decisions.* Paper 199.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/199

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2864

_____

HENGKY  TANUSAPUTRA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-204-557)

_____

Submitted under Third Circuit LAR 34.1(a)
on September 24, 2007

Before:  AMBRO, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: November 26, 2007)

_____

O P I N I O N

_____

**ROTH,** <u>Circuit Judge:</u>

Hengky Tanusaputra seeks review of a final order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) ordering Tanusaputra removed from the United States and denying his application for asylum, withholding of removal and protection under the Convention Against Torture. Tanusaputra now argues that the IJ failed to properly apply the law when he determined that Tanusaputra had not shown that he was more likely than not to face persecution or torture as a result of his removal.[1] Finding no error, we will affirm.

## I.  **BACKGROUND**

Tanusaputra argues that he was subject to persecution in the past in Indonesia, and that he would therefore be subject to persecution in the future if he were to return. Tanusaputra is a native and citizen of Indonesia; he is also an ethnic Chinese and a Christian.  In his testimony, which the IJ found to be credible, he set forth several examples of alleged persecution that he suffered because of his ethnicity and religion.

In 1987, when Tanusaputra was twelve years old, he was subjected to a vicious prank from a fellow student that left him hospitalized for several days.  Tanusaputra was twice subject to street crime (once in 1995 and once in an unspecified earlier year), first robbed of his wallet and then robbed of his motorcycle.  Tanusaputra reported both incidents to the police, but was unsatisfied by the result.  In May of 1998 riots broke out,

---

[1] Tanusaputra does not appeal the denial of asylum based on his failure to file for asylum within one year of arriving in the United States.

primarily in Jakarta, but also in Surabaya where Tanusaputra lived. While he was driving his employer's vehicle through the turmoil, Tanusaputra became stuck in traffic and demonstrators broke his windshield. Efforts to report the matter to the police and obtain some type of satisfaction were unsuccessful. There were no other incidents over the next three years.

Tanusaputra entered the United States on or about September 3, 2001, as a non-immigrant visitor for pleasure and was authorized to remain in the United States through March 2, 2002. On May 24, 2003, the former Immigration and Naturalization Service commenced removal proceedings against Tanusaputra, charging that he was removable as an alien who, after admission as a non-immigrant, has remained in the United States for a time longer than permitted. On September 3, 2003, Tanusaputra filed an application for asylum and for withholding of removal based on the danger of future persecution and torture.

Following a hearing on the merits of Tanusaputra's application, the IJ issued an oral decision on January 10, 2005, denying his petition. Tanusaputra appealed the decision to the BIA. In an order issued on May 1, 2006, the BIA adopted and affirmed the IJ's decision and dismissed Tanusaputra's appeal. Tanusaputra filed a petition for review of his application for withholding of removal with this Court on May 31, 2006.

We have exclusive jurisdiction to review final orders of removal pursuant to INA Section 242(a)(1). 8 U.S.C. § 1252(a)(1) (2005), as amended by The REAL ID Act of 2005, § 106, Pub. L. No. 109-131, Div. B, 119 Stat. Tanusaputra's petition for review was timely

3

filed and venue is proper because the proceedings before the IJ were concluded in Philadelphia, Pennsylvania.

Where, as here, the Board summarily affirms and adopts the IJ's decision, this Court reviews the decision of the IJ. *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir. 2003). Our review of the application of legal principles to undisputed facts is de novo. *Sun Wen Chen v. U.S. Att'y Gen.*, 491 F.3d 100 (3d Cir. 2007).

## II. <u>DISCUSSION</u>

### A. Withholding

To qualify for withholding of removal, Tanusaputra must show that it is more likely than not that he will suffer persecution on account of a protected ground (race, religion, nationality, membership in a particular social group, or political opinion) if he is removed. *See* 8 U.S.C. § 1231(b)(3)(A); *INS v. Stevic*, 467 U.S. 401, 413 (1984). One way that he may meet this burden is by showing past persecution, which raises a rebuttable presumption of future persecution. *See* 8 C.F.R. §§ 208.16(b)(1), (b)(2). We have defined persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005) (quoting *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)).

The IJ applied this standard correctly in finding that the acts narrated by Tanusaputra in his testimony simply do not rise to the level of persecution. Simple robbery does not meet the standard for persecution. *See Lie*, 396 F.3d at 536. A childhood prank gone wrong also fails to rise to the level of persecution, as does damage to a car's windshield. Accordingly,

4

we find that Tanusaputra has not been subjected to past acts of persecution that would give rise to a presumption of future persecution.

Tanusaputra does not present any other specific evidence that he faces future persecution but argues that he faces persecution based on his membership in a disfavored group. We have already rejected the application of the "disfavored group" category in general and have noted in particular that there is no pattern or practice of persecution against Chinese Christians in Indonesia. *Lie*, 396 F.3d at 537-38.

**B. Convention Against Torture**

Withholding under the Convention Against Torture requires that the applicant "establish that it is more likely than not that he would be tortured if removed to the proposed country of removal." See 8 C.F.R. § 208.16(c)(2). While Tanusaputra mentions the Convention Against Torture, he does not provide any specific evidence showing that he faces torture if he returns to Indonesia. He cannot carry his burden by relying on general allegations about Indonesia. *See Lie*, 396 F.3d at 537-38. Accordingly, we find that he has failed to carry his burden under the Convention Against Torture.

## III. <u>CONCLUSION</u>

For the foregoing reasons, we will **deny** the petition for review.